SANYO MANUFACTURING CORPORATION *v.*
DIRECTOR OF LABOR, and Joyce Brown, et al.

E 91-5 and E 91-6                                   822 S.W.2d 410

Court of Appeals of Arkansas
Division I
Opinion delivered February 5, 1992

*Daggett, Van Dover & Donovan*, by: *Robert J. Donovan*, for appellant.

*Ronald A. Calkins*, for appellee Director of Labor.

*Youngdahl, Trotter, McGowan & Harmon*, by: *Jimmie C. Bush*, for AFL-CIO.

MELVIN MAYFIELD, Judge. In two separate cases, which have been consolidated for this appeal, several hundred employees of appellant Sanyo Manufacturing Corporation were awarded unemployment compensation benefits. The crucial issue in both cases is whether these employees were entitled to receive unemployment benefits for the period June 1 through 8, 1984, in addition to the vacation pay they received for this period. In December 1983, appellant posted a notice indicating that the plant would be closed for vacation in 1984 during the last week of May and the first week of June. The union informed appellant that their collective bargaining agreement did not authorize a vacation shutdown during the month of May. This led to arbitration, litigation in state court, and ultimately litigation in federal court. On May 16, 1984, the federal court enjoined appellant from holding a vacation shutdown on May 25, 29, 30, and 31, 1984, because such schedule was contrary to the union contract which called for vacation shutdown to be scheduled during the months of June, July, and August.

On May 16, 1984, appellant sent a letter to hourly employees stating that as a result of the federal court decision it had little choice but to change the vacation schedule. The previously proposed vacation shutdown period of May 25, 29, 30, and 31 was then designated a shutdown for inventory. May 28, 1984, was to be observed as the Memorial Day holiday, and the plant was to be shut down for vacation on June 1, 4, 5, 6, 7, and 8, 1984. On May

24, employees were given a check for the week just worked and a check for vacation pay.

The employees filed claims for unemployment compensation for the entire period (May 25 - July 8). The Employment Security Division allowed the benefits in E 91-5, but denied benefits in E 91-6 on the basis that the claimants had not timely filed their claims. The Appeal Tribunal affirmed the agency finding in E 91-5, but reversed the agency finding in E 91-6 and held that the claimants had good cause for failing to timely file their claims.

On appeal to the Board of Review, both decisions of the Appeal Tribunal were affirmed. In regard to E 91-5, the Board concluded:

> Based on the evidence, the Board of Review finds that the claimants were unemployed and not on vacation. The employer's position is, in effect, that the claimants were not unemployed from June 1 through 8, 1984, because the employer had designated that period as a vacation shut-down period. The interpretation would appear correct if the phrase ". . . and he is not on layoff" did not conclude the statutory definition of vacation. That phrase, however, cannot be considered superfluous. Whenever a vacation period is preceded by a layoff period, a claimant is considered unemployed during the entire period when he is not working, according to Section 2(m)(1) of the law.

On appeal to this court, appellant argues the Board's holding that Section 2(m)(1)(C) of the Unemployment Security Act (Ark. Stat.Ann. § 81-1103(m)(1)(C) (Supp. 1985)) mandates the payment of unemployment compensation benefits for the entire period of May 25 through June 8 is erroneous.

Ark. Stat. Ann. § 81-1103(m)(1)(C) (Supp. 1985), *the law in effect at the time*, provided:

> (C) he is not on vacation. A vacation shall be defined as a period of temporary suspension of regular work such period having been scheduled by, or with the consent of, the employer solely for reasons of vacation during which time the employee is either receiving vacation pay, has been paid or will be paid vacation pay for the period at a later date, or would be entitled to vacation pay for the

period if he had sufficient seniority or hours of work and he is not on layoff.

Receipt of vacation pay during a period when an employee is on layoff shall not in itself render such employee ineligible for unemployment benefits.

■ Appellant argues the phrase "and he is not on layoff" applies only to those employees who "would be entitled to vacation pay for the period if he had sufficient seniority or hours of work." It argues that this section, in effect, "creates two classes of employees." One category is those employees who, at the time of the vacation period, had received, were receiving, or would receive vacation pay for the period; and the second category is those employees who at the time of the vacation period would have received vacation pay for the period but lacked sufficient seniority or hours worked to qualify and are not on layoff.

■ Appellant argues that in the present case each employee has been paid full vacation pay, so none of the claimants here fall into the category of employees who did not have "sufficient seniority or hours of work" to receive vacation pay. Appellant says it is illogical to believe the legislature intended that an employee receiving vacation pay would also be entitled to receive unemployment compensation. Appellant says the last sentence under paragraph (C) recognizes that an employee can possibly be unemployed during vacation, and that the fact he is paid vacation pay is not "in itself" conclusive as to his ineligibility for unemployment benefits. For example, appellant says, if during a layoff period an employee's prescribed vacation period arrives he would be entitled to receive that which he has already earned (vacation pay) without rendering him ineligible for unemployment compensation for the layoff period then in progress. However, appellant contends the Board of Review erred in holding that the claimants here were entitled to unemployment benefits, during a period of paid vacation, simply because the vacation period was "preceded by a layoff period."

In support of its statutory interpretation, appellant cites *Conagra Frozen Foods* v. *Director of Labor*, 34 Ark. App. 108, 806 S.W.2d 27 (1991). That case is not directly in point as it was decided under this section as later amended in 1987, but our holding in that case is not inconsistent with the holding we make

in the present case.

We think the interpretation suggested by the appellant is reasonable and logical, and we hold that none of the claimants in the two cases before us are entitled to the unemployment compensation benefits claimed by them. Therefore, we reverse the Board's decision in both cases and remand for the Board to enter orders denying the claims made.

While we place no particular emphasis on the mater, it is interesting to note that Act 48 of 1991 has deleted the section involved in this case, Ark. Stat. Ann. § 81-1103(m)(1)(C) (Supp. 1985), *see* Ark. Code Ann. § 11-10-214 (Supp. 1991).

Reversed and remanded.

COOPER and DANIELSON, JJ., agree.